## David M. Osborne and others v. The Superintendents of the Poor of Macomb County.

*Superintendents of the poor: Statute construed.* Two of the three superintendents of the poor of a county, under our statute (*Sess. L.*, *1869*, *p. 271*, § 3) providing that "a majority of the persons so appointed shall be at all times competent to transact business; and to execute any powers vested in the board of superintendents," etc., possess the power of the board, whenever they unite in action; and they may contract for the purchase of a mowing and reaping machine for use on the county farm, without an authorization of the board at a formal meeting.

*Heard and decided October 25.*

Error to Macomb Circuit.

This was an action brought by plaintiffs in error to recover the price of a mower and reaper. The evidence tended to show a sale by plaintiffs' agents, by a contract made with two of the defendants. The circuit judge charged the jury as follows, viz.:

"To enable the plaintiffs to maintain this action, it was necessary for them to prove a contract of sale to the board, of the machine, and an agreement to purchase and an acceptance on the part of the board.

"Such a contract, to bind the board as a corporation in

charge of the particular interests confided to its care, must be made with the board, while acting in its corporate capacity. No one member, or any two of them, could make a contract of the character claimed, at any casual or chance meeting, unless previously authorized so to do at a regular meeting, or unless the board afterwards adopt and ratify it. Every member had the right to be consulted, and that not casually or at a chance meeting, but at times and places where and when such business could and should be regularly transacted.

"No regular meeting of the board is shown to have been held, when the claimed contract of purchase was made; nor is it claimed that there is any proof of any previous authority or direction to any one or two members to make the purchase, or that the purchase was subsequently ratified or adopted by the board at any regular meeting. Proof was offered, proposing to show that the board, instead of adopting, refused to ratify the purchase, and this was objected to by the plaintiffs and excluded by the court.

"Under the proofs in this case the plaintiffs have not shown such a contract of purchase as can legally bind the board of superintendents, or for which the board was liable to be sued at the commencement of this suit; and the defendants are therefore entitled to your verdict.

"The several requests of the plaintiffs are refused, in viw of the facts proved in this case."

Judgment was rendered for defendants, and the plaintiffs bring error.

*Edgar Weeks* and *W. E. Cheever*, for plaintiffs in error, were stopped by the court.

*J. B. Eldredge*, for defendants in error.

PER CURIAM.

Two errors are apparent on the record:

1. That what was the real contract between the parties, was not submitted to the jury as a question of fact.

2. That the court held that it was not competent for two of the superintendents to purchase the machine, without an authorization of the board at a formal meeting. However it may have been but for the peculiar phraseology of the statute, we have no doubt two of the board under the statute possess for such purposes the powers of the board, whenever they unite in action.

Judgment reversed, and new trial ordered.